IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mountaineer Investments, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| -vs- | ) | |
| | ) | C.A. No. 0:08-cv-2912-CMC |
| The Vanguard Group, Inc. d/b/a | ) | |
| Vanguard Participant Services, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, The Vanguard Group, Inc. d/b/a Vanguard Participant Services ("Vanguard"), respectfully submits this memorandum in support of its Motion for Summary Judgment on the grounds that this action is barred by the applicable Statute of Limitations.

## INTRODUCTION

Plaintiff's claims must be dismissed for the simple and inescapable reason that the applicable statute of limitations has long since run. With its claim against Vanguard, Plaintiff seeks to enforce a "security agreement" under which Vanguard purportedly agreed to preserve collateral, in the form of assets in a retirement account maintained by Vanguard, that a Donald L. Hofer allegedly pledged in connection with a promissory note and loan that he took with Plaintiff's predecessor in interest, and on which he ultimately defaulted.

Among the many problems with Plaintiff's claim, the most immediate and glaring is that the claim has expired because the three-year limitation of action period for "an action upon a contract, obligation, or liability, express or implied" expired years ago. Whether the date the underlying note was executed (September 21, 2001), the date the note was due (December 25, 2001) or the latest possible date Plaintiff had notice of default (December 22, 2004) is used as a

date of accrual for calculating the statute of limitations, Plaintiff, which filed this lawsuit on July 15, 2008[1] unquestionably failed to bring its claims within the limitation period.

Vanguard has been unable to locate any record of the transactions asserted in this case and is therefore at a substantial handicap because it must rely upon the documents attached to the Plaintiff's Complaint. However, Plaintiff's documents alone establish a Statute of Limitations defense for Vanguard.

## FACTS

The first pertinent transaction in this case appears to be a $130,000.00 line of credit obtained by Donald L. Hofer from Rock Hill Bank and Trust on October 28, 1999. (Exhibit A). The only document apparently evidencing this line of credit appears to assign as collateral for the line of credit a deposit or share account identified as "Vanguard Savings Plan Account No. 092382." At the bottom of the document is an "acknowledgment" which purports to have been signed by a representative of "Vanguard Participant Services" on November 17, 1999.

The actual loan underlying Plaintiff's claim was made two years later. On or about September 25, 2001, Donald L. Hofer signed a promissory note in the amount of Two Hundred Eighty-Five Thousand and No/100 ($285,000.00) Dollars (the "Hofer Promissory Note"). The note expressly stated that the principal was payable "ON DEMAND, BUT IF NO DEMAND IS MADE THEN ON DECEMBER 25, 2001." (Exhibit B). There is no suggestion that this promissory note was signed by, or even provided to, Vanguard.

In late 2002, Carolina First Bank acquired all of the assets of Rock Hill Bank and Trust. According to the Complaint, on December 21, 2004, Carolina First Bank assigned the Hofer Promissory Note to Plaintiff. (Exhibit C).

---

[1] Plaintiff filed this suit on July 15, 2008 in the Court of Common Pleas for York County, South Carolina.  On August 21, 2008, Vanguard removed the case to this Court.

The very next day, December 22, 2004,  Plaintiff filed a Complaint in York County (Exhibit D) against Donald L. Hofer. The Plaintiff did not name Vanguard as a party to that suit, nor did it give any notice of the suit to Vanguard. In that 2004 Complaint, Plaintiff alleged that Mr. Hofer had failed and refused to make payments due under the terms and conditions of the note and alleged that Mr. Hofer was then in default. (See Exhibit D, Paragraphs 7 and 8). Ultimately, according to the Complaint in the present case, on February 29, 2008, Plaintiff obtained an Order of Judgment against Mr. Hofer in the amount of $333,958.93.

## ARGUMENT

The undisputed facts make it clear that Plaintiff's claim against Vanguard is barred by the Statute of Limitation.  While Plaintiff does not identify specific counts or claims in its complaint, it is clear that it seeks to recover on an agreement allegedly made by Vanguard. Accordingly, Plaintiff's claim against Vanguard is subject to the limitation of action requirements of S.C. Code Ann. § 15-3-530(1), which requires that    "an action upon a contract, obligation, or liability, express or implied" must be brought within three years.

Any claim Plaintiff may have had against Vanguard related to Mr. Hofer's promissory note accrued in 2001 and expired over four years ago. While the statute itself does not expressly state when actions like Plaintiff's accrue, South Carolina courts have found that such an action, based on a promissory note payable on demand, accrues when the note is executed. See Coleman v. Page's Estate, 202 S.C. 486, 25 S.E.2d 559 (1943); S.C. Code Ann. § 36-3-122(1)(b). The note that provides the basis of Plaintiffs claims was due "ON DEMAND, BUT IF NO DEMAND IS MADE, THEN ON DECEMBER 25, 2001" and was executed on September 21, 2001. Thus, the three-year limitation period for Plaintiff's claim against Vanguard began to run on September 21, 2001, expiring September 21, 2004. Even if the due date on the note, rather than the

execution date, is used as the date of accrual, Plaintiff's window to file against Vanguard still closed in December 2004 – nearly four years ago. Accordingly, Plaintiff's claim against Vanguard is barred by S.C. Code Ann. § 15-3-530(1).

While Plaintiff might argue that his cause of action against Vanguard accrued at some point later than December 25, 2001 (the date the principal on the note was due), even the most generous of interpretations would still leave Plaintiff's claim outside the limitation period. The latest possible date that Plaintiff could claim its cause of action accrued would be when it had actual knowledge of Mr. Hofer's default. Plaintiff filed suit against Mr. Hofer for defaulting on his loan on December 22, 2004, and must concede that it was aware of the default as of that date, at the very latest. Thus, even under this best-case-scenario for Plaintiff, its cause of action against Vanguard accrued on  December 22, 2004 and expired on December 22, 2007 – nearly a year ago.

The application of the statute of limitations to bar Plaintiff's claim against Vanguard is particularly appropriate in this case. One of the policies underlying statutes of limitation is to protect those who might lose the ability to defend themselves because of the passage of time. See 61 Am.Jur. 2d, Limitation of Actions §15:

> Statutes of limitation are designed, in part, to protect potential defendants from the burden of litigating stale claims by putting defendants on notice of claims against them within specified periods, so they can prepare their defenses adequately while the evidence is still fresh. They are designed to prevent fraudulent and stale claims from being asserted…when the evidence has been lost, or the facts have become obscure from the lapse of time or the defective memory, death, or removal of witnesses.

This case is thus particularly appropriate for application of the statute of limitations, because so much time has expired that the claim is stale and Vanguard's ability to defend itself is greatly diminished. Vanguard is no longer in possession (if, indeed it ever was in

possession) of any documents relating to any "acknowledgment" concerning Mr. Hofer's accounts. Vanguard is thus able to defend itself only by denying knowledge rather than being able to present affirmative evidence: Vanguard cannot confirm that one of its employees, much less a duly authorized representative, signed the alleged 1999 acknowledgment; there is no evidence that Vanguard was given notice of the $285,000 loan in 2001, much less that Vanguard signed any acknowledgment or agreement in connection with the 2001 loan; Donald L. Hofer apparently cannot be located to give testimony that might be favorable to Vanguard; and virtually no information is available concerning the loan made to Hofer in the amount of $285,000 in 2001.

In short, Vanguard is unable to "prepare [its] defenses adequately while the evidence is still fresh" because "evidence has been lost [and] the facts have become obscure from the lapse of time or the defective memory, death, or removal of witnesses." Both the plain words of the statute of limitation, and the policies that give rise to the limitation period, operate to mandate dismissal of this case.

## CONCLUSION

For all these reasons, Vanguard respectfully requests that the Court grant summary judgment in its favor, dismissing the Complaint as barred by the Statute of Limitations.

s/ Michael J. Giese
Michael J. Giese (#2094)
Smith Moore Leatherwood LLP
300 East McBee Avenue, Suite 500
Post Office Box 87
Greenville, SC 29602
(864) 242-6440
(864) 240-2477 (fax)
mike.giese@smithmoorelaw.com

Attorney for Defendant

December 19, 2008