UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |
|---|---|
| Mountaineer Investments, L.L.C.,     )<br>                                                    )<br>                         Plaintiff,     )<br>                                                    )<br>          v.                                       )<br>                                                    )<br>The Vanguard Group, Inc. d/b/a       )<br>Vanguard Participant Services,         )<br>                                                    )<br>                         Defendant.   )<br>_____)  | Civil Action No.: 0:08cv02912-CMC<br><br>**PLAINTIFF'S MEMORANDUM<br>IN RESPONSE TO MOTION FOR<br>SUMMARY JUDGMENT** |

The Plaintiff, Mountaineer Investments, L.L.C. ("Plaintiff"), respectfully submits this memorandum in response to the Motion for Summary Judgment of the Defendant, The Vanguard Group, Inc., d/b/a Vanguard Participant Services ("Defendant").

## INTRODUCTION

The Plaintiff seeks to realize upon a pledged savings plan account, the purpose of which was to secure the repayment of a loan made to Donald L. Hofer. The Defendant maintained a savings plan account for Mr. Hofer, which Mr. Hofer pledged in connection with a loan on which he ultimately defaulted, resulting in the entry of a judgment on the debt against Mr. Hofer.

## FACTS

Rock Hill Bank and Trust committed to a $130,000.00 line of credit to Donald L. Hofer on October 28, 1999 (Exhibit A). As a condition of said loan, Mr. Hofer assigned (pledged) to Rock Hill Bank and Trust, as collateral for the line of credit, a deposit or share account identified as "Vanguard Savings Plan Account # 092382" (Exhibit B). The Defendant acknowledged the assignment (pledge) on its face on November 17, 1999. The assignment (pledge) expressly secured

1

the $130,000.00 line of credit and "all extensions, renewals, modifications and substitutions" thereof.    On September 25, 2001, Donald L. Hofer signed a renewal promissory note in the amount of $285,000.00 (Exhibit C).  Carolina First Bank subsequently acquired all of the assets of Rock Hill Bank and Trust; and on December 21, 2004, it assigned the note to the Plaintiff (Exhibit D).

The Plaintiff filed a Complaint in state court against Donald L. Hofer on December 22, 2004, and obtained an Order of Judgment against Mr. Hofer in the amount of $333, 958.93, which Order was filed on February 29, 2008.  Several months later, the Plaintiff, for the first time, made demand upon the Defendant to turn over the aforesaid savings plan account to the Plaintiff (Exhibit E).

## ARGUMENT

The Plaintiff, by this suit, seeks to realize upon the assignment of deposit or share account evidenced by the attached Exhibit B, the stated purpose of which was to secure a certain credit line, including ". . . all extensions, renewals, modifications and substitutions . . . ."  This instrument was acknowledged on its face by an agent of the Defendant, whereby the Defendant agreed to maintain the identified collateral ". . . until this agreement is released in writing by you."  ("You" expressly means Rock Hill Bank & Trust and its successors and assigns.)   This instrument constitutes a pledge of collateral, the purpose of which is to secure the Plaintiff's loan.

It is the Defendant's contention that the statute of limitations has run, barring the Plaintiff from bringing this action to realize upon the pledge of the account,  which was assigned by the debtor, Donald L. Hofer, as collateral to secure the payment of the debt owed to the Plaintiff.   The Plaintiff stipulates that more than three years passed between the debtor's default on the subject loan and the institution of this suit.  The Plaintiff submits, however, that this does not create a bar by the

2

running of the statute of limitations.

The Plaintiff timely instituted suit against the debtor, Donald L. Hofer, to collect the debt, and the suit resulted in a judgment being awarded in favor of the Plaintiff against the said Donald L. Hofer in early 2008.

In the Spring of 2008, following the entry of said judgment, the Plaintiff, for the first time, contacted the Defendant about the subject savings plan account and, for the first time, in the Summer of 2008, learned that the said account had been disbursed by the Defendant contrary to the conditions of the pledge.

The Plaintiff, as pledger of the account maintained by the Defendant, is not prevented by the running of the statute of limitations from realizing on the pledge. "A pledge is not terminated by the running of the statute of limitations against the claim secured by the pledge." *Sansone v. Sansone*, 1979 Mo. 705, 586 S.W.2d 87 (1979), quoting from Restatement of the Law, Security, §47, citing *Hodge v. Truax*, 184 Wash. 360, 51 P.2d 357 (1935); *Danielson v. Line*, 135 Fla. 585, 185 So. 332 (1938); *In re Washburn's Will*, 21 N.Y.S.2d 469 (1940); *Weems v. Carter*, 30 F.2d 202 (4th Cir. 1929); and 53 C.J.S. Limitations of Actions §10, 31 Am.Jur.2d Limitations of Actions, §25, 103 ALR 430 and 137 ALR 928.

The ". . . continued existence of the collateral security has been held to suspend the running of the statute of limitations and to protect its operating against the maintenance of any action on the original debt . . . ." 41 Am.Jur., Pledge and Collateral Security, §100.

"Where a deposit of money is made, the general rule is that the statute of limitations begins to run in favor of the depositary only on demand and refusal or the assertion of some adverse claim by the depositary." 53 C.J.S. Limitations of Actions, §192. In this case, the first demand by the

Plaintiff upon the Defendant, as depository for the money (the subject savings plan account) was not made before 2008, as reflected in the Affidavit of Emily Danes attached hereto (Exhibit F).

The Plaintiff, therefore, submits that its claim against the pledged savings plan account, which was to be maintained by the Defendant for the benefit of the Plaintiff, is not barred by S.C. Code Ann. §15-3-530(1) (three year statute of limitation with regard to actions upon a contract, obligation or liability) or any other limitation of action statute.

## CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests that the Court deny the Defendant's Motion for Summary Judgment.

s/Leonard R. Jordan, Jr.
Leonard R. Jordan, Jr. #2248
Hardwick Stuart, Jr. #3128
BERRY, QUACKENBUSH & STUART, P.A.
1122 Lady Street, 5th Floor, Post Office Box 394
Columbia, South Carolina 29202
(803) 779-2650

Attorneys for Plaintiff

Columbia, South Carolina
January 6, 2009

U:\Stephanie\CadleCo\3462.0074 Hofer OXO2004\Plaintiff's Memorandum In Response To Motion For Summary Judgment.wpd