**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| Mountaineer Investments, L.L.C., | ) | C/A NO. 0:08-CV-2912-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING** |
| v. | ) | **MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| The Vanguard Group, Inc. d/b/a | ) | |
| Vanguard Participant Services, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion for summary judgment, filed December 19, 2008. Defendant, The Vanguard Group, Inc. d/b/a Vanguard Participant Services ("Vanguard"), argues that Plaintiff, Mountaineer Investments, L.L.C. ("Mountaineer"), is barred from proceeding with this action by operation of the statute of limitations.

**STANDARD**

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

**FACTS**

This action relates to a $130,000.00 line of credit ("1999 Line of Credit") which Rock Hill Bank & Trust ("Rock Hill B&T") extended to Donald L. Hofer on October 28, 1999. As collateral for the 1999 Line of Credit, Mr. Hofer assigned his rights in a deposit or share account identified as "Vanguard Savings Plan Account # 092382" to Rock Hill B&T.[1] The written assignment includes an acknowledgment of the assignment purportedly signed by a representative of Vanguard on November 17, 1999. The assignment expressly secured the $130,000.00 line of credit as well as "all extensions, renewals, modifications and substitutions" thereof.

On September 25, 2001, Donald L. Hofer signed a promissory note to Rock Hill B&T in the amount of $285,000.00 ("Promissory Note"). For present purposes, the court assumes his additional debt was secured by the Vanguard savings account based on the "extensions" language in the 1999 Line of Credit agreement. The September 25, 2001, Promissory Note expressly stated that the principal was payable "ON DEMAND, BUT IF NO DEMAND IS MADE THEN ON DECEMBER 25, 2001." Neither party suggests that the Promissory Note was signed by, or even provided to, Vanguard. According to Mountaineer, no demand was made on Vanguard in connection with the Promissory Note until after February 2008. Dkt. No. 28-7, p. 2 (Danes Affidavit).

In late 2002, Carolina First Bank acquired all of the assets of Rock Hill B&T, including the above referenced note. Rock Hill B&T assigned the note to Plaintiff, Mountaineer Investments, L.L.C.

---

[1] According to the 1999 Line of Credit agreement, a representative of Vanguard acknowledged that:
> We have received your notice of this agreement. We agree that no account holder or any other person (other than you, the secured party) has any right to make any withdrawals from the collateral until this agreement is released in writing by you.

Dkt. No. 24-3, p.2 (1999 Line of Credit).

2

On December 22, 2004, immediately after this assignment, Mountaineer filed a complaint in state court against Donald L. Hofer ("Earlier Action"). In the Earlier Action, Mountaineer alleged that Mr. Hofer had failed and refused to make payments due under the terms and conditions of the note and was, therefore, in default. According to the Complaint in the present action, the action against Mr. Hofer ended on February 29, 2008, with an Order of Judgment against Mr. Hofer in the amount of $333,958.93. Vanguard was never named a party to the Earlier Action. There is no evidence that Vanguard was provided notice of that suit.

Mountaineer filed this action against Vanguard on July 15, 2008, seeking to enforce the 1999 assignment of Mr. Hofer's rights in his Vanguard savings account. Mountaineer maintains that this assignment secures the $285,000 debt evidenced by the Promissory Note dated September 25, 2001. Through the present motion, Vanguard asserts that the action is barred by the statute of limitations.

## DISCUSSION

Based on the undisputed facts and viewing all evidence in the light most favorable to the non-moving party, the court concludes that Vanguard is entitled to judgment as a matter of law that Mountaineer's claims are barred by the statute of limitations.

Vanguard contends that the applicable statute of limitations is found in S.C. Code Ann. § 15-3-530(1), which requires that "an action upon a contract, obligation, or liability, express or implied" be commenced within three years. Mountaineer argues that the statute of limitations was suspended in this case and only began to run when Mountaineer first made demand on Vanguard to release funds from the savings account. Mountaineer alleges that it first made demand on Vanguard after February 2008, and therefore the three-year statute of limitations has not run. However,

Mountaineer has not provided any basis for suspending the statute of limitations until demand was made.[2]

Vanguard contends that Mountaineer's action against Vanguard, as an assignee of the underlying promissory note, accrued when Mr. Hofer defaulted on his debt to Rock Hill B&T, on or before December 26, 2001.

In the 1999 Line of Credit Agreement, Mr. Hofer agreed to the following terms concerning the Vanguard savings account as collateral:

> You [Rock Hill B&T] have the right to withdraw all or any part of the collateral and apply the withdrawal toward the payment of the secured debt(s), even if the withdrawal causes a penalty. *If a secured debt is in default you can exercise this right without any notice to me or my consent* (unless such notice or consent is required by law and cannot be waived). You have the right to sign my name (or sign your name as my attorney in fact) to exercise the rights given to you in this agreement.

Dkt. No. 24-3, p.2 (1999 Line of Credit Agreement) (emphasis added).

The court finds that Rock Hill B&T's right, as the secured party, to withdraw money from the Vanguard account arose when Mr. Hofer defaulted on his obligations under the promissory note on or before December 26, 2001.[3] Rock Hill B&T (or Mountaineer as a

---

[2] In support of suspending the statute of limitations, Mountaineer relies on a Missouri Court of Appeals case which held that "[a] pledge is not terminated by the running of the statute of limitations against the claim secured by the pledge." *Sansone v. Sansone*, 586 S.W.2d 87, 89 (Mo. Ct. App. 1979). Mountaineer's reliance on that case is misplaced because the present action does not involve a "pledge." *See id.* (noting that a pledge is "a security interest in a chattel or in an intangible represented by an indispensable instrument, *the interest being created by a bailment* for the purpose of securing the payment of a debt or the performance of some other duty") (emphasis added). As explained in Sansone: "The fundamental idea of the pledge is possession by the pledgee." *Id.* Neither Rock Hill B&T, nor its successors and assigns, ever took possession of any collateral. The savings account was not, therefore, pledged.

[3] Although neither party suggests that Rock Hill B&T ever made demand on Mr. Hofer under the Promissory Note, the Promissory Note provided that the principal was due on demand or

successor or assignee) could exercise that right without providing notice to or receiving consent from Mr. Hofer. Accordingly, the court finds that Mountaineer's cause of action against Vanguard accrued on December 26, 2001. The applicable three-year statute of limitations, therefore, bars this action because it was filed after December 26, 2004.

Further, Mountaineer filed a complaint on December 22, 2004, against Mr. Hofer for default under the Promissory Note. At that time, Mountaineer was aware of the default and of the Vanguard savings account assigned as collateral. Assuming that the cause of action against Vanguard accrued as late as December 22, 2004, the statute of limitations bars this action, which was filed on July 15, 2008.

## CONCLUSION

Undisputed facts establish that Plaintiff's action is barred by South Carolina's statute of limitations. Defendant's motion for summary judgment is, therefore, granted and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

                                                  s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 26, 2009

---

on December 25, 2001, if no demand was made. In light of the absence of any allegation that demand was made, the court finds that the principal was due on December 25, 2001. Mr. Hofer never paid the principal and therefore defaulted on the Promissory Note on December 25, 2001. The court assumes that Rock Hill B&T would not be able to proceed against Mr. Hofer until December 26, 2001.